IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| LIFE INSURANCE COMPANY OF NORTH AMERICA, | ) ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) CASE NO. 1:05cv760-T ) |
| DWIGHT M. MILLS, | ) ) ) |
| Defendant. | ) |

### INTERPLEADER COMPLAINT

COMES NOW Life Insurance Company of North America ("LINA") and for its interpleader complaint alleges as follows:

### PARTIES

1.   Interpleader Plaintiff LINA is an insurance company organized under the laws of the State of Pennsylvania with its principal place of business in Philadelphia, Pennsylvania. LINA is duly licensed to do business in the State of Alabama.

2.   Upon information and belief, Mr. Dwight M. Mills is the husband of decedent Sharon Marie Mills ("Mrs. Mills" or "decedent"). Mrs. Mills was a resident of Dothan, Houston County, Alabama at the time of her death. Mr. Mills also resides in Dothan, Houston County, Alabama.

### JURISDICTION AND VENUE

3.   This Court has subject matter jurisdiction over this interpleader action pursuant to Federal Rule of Civil Procedure 22 and 28 U.S.C. § 1331 (federal question), in that this matter relates to an ERISA-regulated employee welfare benefit plan and, as such,

01215392.1



arises under the laws of the United States and therefore raises a federal question. This Court's original jurisdiction is therefore founded upon ERISA § 502(e)(1), 29 U.S.C. § 1132(e)(1).

4. Venue is proper in the Middle District of Alabama pursuant to 28 U.S.C. § § 1397 (the district where one or more of the claimants reside), and 29 U.S.C. § 1132(e)(2) (the district where decedent lived).

5. Nationwide service of process is authorized under 28 U.S.C. § 2361.

### CAUSE OF ACTION IN INTERPLEADER

6. Decedent, in her capacity as a spouse, was insured under group accident insurance policy number OK-809795 (the "Policy"), issued by LINA to Mr. Mill's employer, Dyncorp. In that regard, Dyncorp provided the accident coverage for the benefit of its eligible employees and their dependents through its employee welfare benefit plan. A copy of the Policy is attached hereto as Exhibit "A". The Dyncorp Plan (the "Plan") is an employee welfare benefit plan that is regulated by the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. §§1001-1461. The decedent was enrolled for $120,000.00 in accidental death insurance coverage (60% of the principal sum for spousal coverage) as of February 13, 2002, the date of her death.

7. A true and correct copy of Mrs. Mills' Death Certificate is attached hereto as Exhibit "B". The Death Certificate reflects that the cause of death is "undetermined."

8. The Policy provides that "[l]oss of life benefits will be paid to the beneficiary named in our files. . . . If there is no surviving beneficiary, the Insured's loss of life benefits will be paid in one lump sum to the first surviving class of the following classes of beneficiaries: (a) wife or husband; (b) child or children; (c) mother or father; (d) sisters or brothers. If there is no surviving member of any of the above classes, the benefits will be paid to the estate."

01215392.1

9. Dwight Mills completed a "Bargaining Unit Employee Insurance Enrollment\Change Form" on or about February 5, 2002. Mr. Mills elected the "Family Plan" for personal accident coverage in the benefit amount of $200,000.00. The beneficiary designation portion of this form states that "[y]ou will be your family members' beneficiary for Personal Accident Insurance, Dependent Life and Optional Dependent Life unless you specify otherwise in writing." Thus, the employee, Mr. Mills, is the family member's beneficiary for the personal accident insurance at issue. A true and correct copy of this form is attached hereto as Exhibit "C".

10. The Group\Association-Proof of Loss Form for life insurance and accidental death insurance was completed for Mr. Mills and submitted to LINA. The amount of dependent insurance claimed was "sixty percent of $200,000.00." The Proof of Loss form identified Dwight M. Mills as the beneficiary. The Employer's\Administrator's Certification, as completed by the Manager of Human Resources for Dyncorp, was signed on August 12, 2002. A true and correct copy of the Proof of Loss Form is attached hereto as Exhibit "D".

11. Bryan Billeter, a product specialist for LINA, wrote to Dwight Mills on August 27, 2002 acknowledging receipt of the group term accidental death insurance claim for dependent coverage on Sharon Mills through Dyncorp. A true and correct copy of this correspondence is attached hereto as Exhibit "E".

12. LINA thereafter conducted its claim investigation. LINA requested autopsy, toxicology and investigative reports from the office of the medical examiner in Panama City, Florida, where decedent's body was discovered. LINA further conducted its investigation by soliciting investigation reports and information from the Holmes County, Florida Sheriff's Department. Although many aspects of the police investigation were privileged, and thus LINA's representatives were unable to discover the underlying facts, LINA representatives learned that the cause of death was a possible homicide as the decedent's

01215392.1

body was found in a drainage ditch, which was not the result of a moving vehicle accident. LINA further learned that criminal charges against any suspects are contingent upon a final determination of the cause of death and that the death certificate will be amended pending the final results of additional testing and investigation by the police department. LINA advised Dwight Mills in writing on a regular basis between September 23, 2002 and October 4, 2004 that the accidental death claim submitted for Ms. Mills was being reviewed and that LINA was continuing to await information from the police department who was investigating the case. To date, the criminal investigation is ongoing.

13.   Although LINA is unable to determine the facts of an ongoing criminal investigation, it is LINA's understanding that Defendant Dwight Mills remains a suspect in the criminal investigation. As an independent stakeholder, and without suggesting or implying that Dwight Mills is in any way responsible for decedent's death, LINA submits that Alabama's "Slayer's Statute" provides that "[a] named beneficiary of a bond, life insurance policy, or other contractual arrangement who feloniously and intentionally kills the principal obligee or the person upon whose life the policy is issued is not entitled to any benefit under the bond, policy or other contractual arrangement, and it becomes payable as though the killer had predeceased the decedent. See Ala. Code 1975 §43-8-253. The Alabama Supreme Court has recognized that the Slayer's Statute codifies public policy under prior Alabama law which had applied the principle that a person cannot benefit from his own wrongdoing. *See Protective Life Insurance Company v. Linson*, 17 So.2d 761 (Ala. 1944). More recently, the Alabama Supreme Court recognized in *Alfa Life Insurance Corporation v. Culverhouse*, 729 So.2d 325 (Ala. 1999), that an insurer which has paid the proceeds of a policy to a beneficiary who had feloniously and intentionally killed the insured may still be liable to pay the proceeds as though the beneficiary had predeceased the insured.

01215392.1

14. By reason of the claim submitted by Mr. Mills as the named beneficiary, and the potential claims of the next of kin as specified in the Policy in the event that the named beneficiary is deemed to have predeceased the decedent, LINA and the Plan are, or may be exposed to multiple liability. This determination is dependant upon the resolution of the ongoing criminal investigation.

15. Upon information and belief, based upon a telephone inquiry to the Probate Court of Houston County, Alabama, no estate administration has been initiated for decedent Sharon Marie Mills. LINA is also unaware at this time of the identity of the parents, children or other relatives of decedent who would be potential beneficiaries of the accidental death coverage, but LINA will take any action that the Court directs to name appropriate additional defendants.

16. LINA is ready, willing and able to pay the total Plan benefits amount of $120,000.00 payable in accordance with the terms of the Plan in such amounts as the Court shall designate.

17. LINA, as a mere stakeholder, has no interest in the Plan benefits payable and respectfully requests that this Court determine to whom said Plan benefits should be paid.

18. LINA accordingly will deposit into the Registry of the Court $120,000.00 of the total Plan benefits which are due and owing in accordance with the terms of the Plan for disbursement pursuant to the judgment of this Court.

19. LINA has not brought this Complaint in Interpleader at the request of any the claimants; there is no fraud or collusion between LINA and any or all of the claimants; and, LINA brings this Complaint of its own free will and to avoid being vexed and harassed by conflicting and multiple claims.

20. Until this Court rules on the issue of whether the Plan benefits should be paid to Mr. Mills or another potential beneficiary, in accordance with the terms of the Plan,

01215392.1

LINA cannot safely determine the proper recipient(s) of the Plan benefits without risking exposure to multiple liability.

WHEREFORE, LINA demands judgment as follows:

(i) Restraining each of the Defendants by Order and Injunction of this Court from instituting any action against LINA, Dyncorp, or the Plan for the recovery of Plan Benefits;

(ii) Requiring each of the Defendants, both currently named and as subsequently named and added, to answer this Complaint in Interpleader and litigate their claims between themselves for the subject total Plan benefits in this action;

(iii) Enjoining each of the Defendants from instituting or prosecuting any proceeding in any state or United States Court affecting the Plan benefits involved in this interpleader action pursuant to 28 U.S.C. § 2361.

(iv) Requiring that Defendants settle and adjust among themselves, or upon their failure to do so, this Court settle and adjust the claims and determine to whom the total funds should be paid;

(v) Permitting LINA to deposit the amount of said Plan benefits, $120,000.00 into the Registry of this Court or as this Court otherwise directs to be subject to the order of this Court and to be paid out as this Court shall direct;

(vi) Discharging LINA, Dyncorp, and the Plan from any further liability upon payment of the aforementioned Plan benefits into the Registry of this Court or as otherwise directed by this Court and dismissing with prejudice this action as to LINA;

01215392.1

(vii)   Awarding LINA attorney fees and costs related to this Action and any other and further relief that this Court deems just and proper.

William B. Wahlheim, Jr.
John David Collins
Grace C. Robinson
Attorneys for Plaintiff
Life Insurance Company of North America

OF COUNSEL:

MAYNARD, COOPER & GALE, P.C.
1901 Sixth Avenue North
2400 AmSouth/Harbert Plaza
Birmingham, Alabama 35203-2602
(205) 254-1000

**PLEASE SERVE DEFENDANTS BY CERTIFIED MAIL AT THE FOLLOWING ADDRESSES:**

Dwight M. Mills
272 Ludmor Road
Dothan, Alabama 36303-9354

01215392.1