IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| LIFE INSURANCE COMPANY OF NORTH AMERICA, </br></br>Plaintiff, </br></br>vs. </br></br>DWIGHT M. MILLS, </br></br>Defendant. | ) ) ) ) ) ) ) CASE NO. 1:05-cv-760-WKW ) ) ) ) ) |

### MOTION FOR DISCHARGE OF FURTHER LIABILITY AND FOR ATTORNEY'S FEES AND COSTS

Plaintiff Life Insurance Company of North America ("LINA") respectfully requests that it be discharged from further liability in this case and for an award of attorney's fees and costs (for its initiation, as a mere disinterested stakeholder) of this interpleader action. In support thereof, LINA states as follows:

1. Sharon Marie Mills, in her capacity as Defendant's spouse, was insured under group accident policy number OK-809795 (the "Policy"), issued by LINA to Defendant's employer, Dyncorp. A true and correct copy of the Policy is attached as Exhibit "A" to LINA's Complaint in Interpleader.

2. Ms. Mills was enrolled for $120,000.00 in accidental death insurance coverage (60% of the principal sum for spousal coverage) as of February 13, 2002, the date of her death. The Death Certificate issued by Donna Burger, State Registrar, reflects that the cause of death is "undetermined." A true and correct copy of the Death Certificate is attached as Exhibit "B" to LINA's Complaint in Interpleader.

3. The Policy provides that "[l]oss of life benefits will be paid to the beneficiary named in our files. . . . If there is no surviving beneficiary, the Insured's loss of life benefits will be paid in one lump sum to the first surviving class of the following classes of beneficiaries: (a) wife or husband; (b) child or children; (c) mother or father; (d) sisters or brothers. If there is no surviving member of any of the above classes, the benefits will be paid to the estate."

4. Defendant completed a "Bargaining Unit Employee Insurance Enrollment\Change Form" on or about February 5, 2002. Defendant elected the "Family Plan" for personal accident coverage in the benefit amount of $200,000.00. The beneficiary designation portion of this form states that "[y]ou will be your family members' beneficiary for Personal Accident Insurance, Dependent Life and Optional Dependent Life unless you specify otherwise in writing." Thus, Defendant is the "family member's" beneficiary for the personal accident insurance at issue. A true and correct copy of the enrollment form is attached as Exhibit "C" to LINA's Complaint in Interpleader.

5. The Group\Association-Proof of Loss Form for life insurance and accidental death insurance was completed for Defendant and submitted to LINA. The amount of dependent insurance claimed was "sixty percent of $200,000.00." The Proof of Loss form identified Defendant as the beneficiary. The Employer's\Administrator's Certification, as completed by the Manager of Human Resources for Dyncorp, was signed on August 12, 2002. A true and correct copy of the Proof of Loss Form is attached as Exhibit "D" to LINA's Complaint in Interpleader.

6. After receiving Defendant's claim for accidental death benefits, LINA conducted its claim investigation. LINA requested autopsy, toxicology and investigative reports from the office of the medical examiner in Panama City, Florida, where decedent's body was discovered. LINA further conducted its investigation by soliciting investigation reports and information from the Holmes County, Florida Sheriff's Department.

7. Although many aspects of the police investigation were privileged, and thus LINA's representatives were unable to discover the underlying facts, LINA representatives learned that the cause of death was a possible homicide as the decedent's body was found in a drainage ditch, which was not the result of a moving vehicle accident. LINA further learned that criminal charges against any suspects are contingent upon a final determination of the cause of death and that the death certificate will be amended pending the final results of additional testing and investigation by the police department. Upon information and belief, the criminal investigation is ongoing.

8. Although LINA is unable to determine the facts of an ongoing criminal investigation, it is LINA's understanding that Defendant remains a suspect in the criminal investigation. As an independent stakeholder, and without suggesting or implying that Defendant is in any way responsible for decedent's death, LINA submits that Alabama's "Slayer's Statute" provides that "[a] named beneficiary of a bond, life insurance policy, or other contractual arrangement who feloniously and intentionally kills the principal obligee or the person upon whose life the policy is issued is not entitled to any benefit under the bond, policy or other contractual arrangement, and it becomes payable as though the killer had predeceased the decedent." See Ala. Code 1975 §43-8-253. The Alabama Supreme Court has recognized that the Slayer's Statute codifies public policy under prior Alabama law which had applied the

principle that a person cannot benefit from his own wrongdoing. *See Protective Life Insurance Company v. Linson*, 17 So.2d 761 (Ala. 1944). More recently, the Alabama Supreme Court recognized in *Alfa Life Insurance Corporation v. Culverhouse*, 729 So.2d 325 (Ala. 1999), that an insurer which has paid the proceeds of a policy to a beneficiary who had feloniously and intentionally killed the insured may still be liable to pay the proceeds as though the beneficiary had predeceased the insured.

9. By reason of the claim submitted by Defendant as the named beneficiary, and the potential claims of the next of kin as specified in the Policy in the event that the named beneficiary is deemed to have predeceased decedent, LINA and the Plan are, or may be, exposed to multiple liability. This determination is dependant upon the resolution of the ongoing criminal investigation.

10. LINA is contractually obligated to disburse the benefits payable under the Policy to the appropriate beneficiary.

11. Accordingly, in order to satisfy its obligations under the Policy and to protect against multiple and inconsistent claims as well as exposure to double or multiple liability, LINA filed this interpleader action.

12. On September 28, 2005, LINA deposited $144,445.34 (including $24,445.34 in accumulated interest), with the Registry of the Court, evidencing full payment of the proceeds of the accidental death coverage available under the Policy.

13. Defendant has now responded to the Complaint. Upon information and belief, based upon a telephone inquiry to the Probate Court of Houston County, Alabama, no estate administration has been initiated for decedent Sharon Marie Mills. LINA is also unaware of

the identity of the parents, children or other relatives of decedent who would be potential beneficiaries of the accidental death coverage.

14. Accordingly, LINA requests the following relief:

   a. that the Court will enjoin Defendant, his agents, attorneys, representatives, heirs, executors, assigns, and all persons claming through or under them, from instituting or prosecuting any proceeding in any state or federal court for the recovery of the proceeds of policy number OK-809795 or relating in any way to LINA's actions with respect to the handling of this claim;

   b. that the Court will require Defendant and any potential beneficiaries to settle and adjust among themselves, or upon their failure to do so, this Court settle and adjust the claims and determine to whom the total funds should be paid;

   c. that the Court will enter an award of attorneys fees and costs to LINA in the amount of $6,265.90;[1]

   d. and that the Court will grant such other further relief as LINA may be entitled to in law or equity.

15. The undersigned counsel has attached as Exhibit "A" hereto an affidavit in support of LINA's request for attorney's fees and costs.

---

[1] In an interpleader action, costs and attorney's fees are generally awarded in the discretion of the court, to the plaintiff who initiates the interpleader as a mere disinterested stake holder. *See Perkins State Bank v. Connolly*, 632 F.2d 1306, 1311 (5th Cir. 1980); *Prudential Insurance Company of America v. Boyd*, 781 F.2d. 1494 (11th Cir. 1986).

/s John David Collins
William B. Wahlheim, Jr.
John David Collins
Grace C. Robinson
Attorneys for Defendant,
Life Insurance Company of North America

**OF COUNSEL:**
Maynard, Cooper & Gale, P.C.
2400 AmSouth/Harbert Plaza
1901 Sixth Avenue North
Birmingham, Alabama 35203-2602
(205) 254-1000

## CERTIFICATE OF SERVICE

  I hereby certify that on the 20th day of April, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: W. Terry Bullard, and I hereby certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participants:

[none]

                 /s John David Collins
                 OF COUNSEL

# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| LIFE INSURANCE COMPANY OF NORTH AMERICA, ) ) ) Plaintiff, ) ) vs. ) ) DWIGHT M. MILLS, ) ) Defendant. ) ) ) | CASE NO. 1:05-cv-760-WKW |

### AFFIDAVIT IN SUPPORT OF MOTION FOR ATTORNEY FEES AND COSTS

STATE OF ALABAMA           )
                           )
COUNTY OF JEFFERSON        )

Before me, a Notary Public in said county and state, personally appeared, John David Collins, who is known to me and who after being duly swore deposes and says as follows:

1. My name is John David Collins. I am over the age of nineteen (19) years. I am an attorney practicing with the firm Maynard, Cooper & Gale, P.C. at is offices in Birmingham, Alabama. I have personal knowledge of the matters asserted herein.

2. Maynard, Cooper & Gale was retained by Life Insurance Company of North America ("LINA"), the stakeholder in this action, to assist them in the above captioned interpleader action.

3. In that capacity, Maynard, Cooper & Gale performed legal work on the behalf of LINA in the amount of $6,265.90.

Further the affiant sayeth not.

01323544.1

_____
John David Collins

Sworn to and subscribed before me,
a Notary Public in and for said
County and State, this 20th
day of April, 2006

_____
Cynthia Diann Morales
Notary Public

My Commission Expires: My Commission Expires 02/18/2010

[NOTARIAL SEAL]

01323544.1