### IN THE UNITED STATES DISTRICT COURT
### MIDDLE DISTRICT OF ALABAMA
### SOUTHERN DIVISION

| | |
|---|---|
| LIFE INSURANCE COMPANY OF NORTH AMERICA, | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) CASE NO. 1:05-cv-760-WKW ) |
| DWIGHT M. MILLS, | ) ) |
| Defendant. | ) |

### LIFE INSURANCE COMPANY OF NORTH AMERICA'S REPLY BRIEF IN SUPPORT MOTION FOR ATTORNEY FEES

Defendant Life Insurance Company of North America (hereinafter referred to as "LINA") respectfully submits this reply brief in support of its motion for an award attorneys' fees incurred in connection with the instant interpleader action. In support thereof, LINA states as follows:

1.  On January 30, 2007 Defendants filed their Joint Opposition to LINA's motion for an award of attorneys' fees in the amount of $9,890.30. Defendants do not dispute that attorney's fees are generally awarded to the plaintiff who initiates the interpleader as a mere disinterested stakeholder, but claim (without any explanation) that LINA's fee request is "excessive and unwarranted"

01446404.1

and suggest an award of $1500.00 – approximately 8% of the $12,741.21 in fees and costs LINA has actually incurred – would be appropriate.

2.  At the outset, LINA submits that it will honor and respect any decision by this Court with respect to value of the services it has provided in this case. LINA would note, however, that is already foregone recovery of costs ($248.71) as well as attorney fees incurred after December 31, 2006 ($2,602.20).

3.  The reasonableness of LINA's reduced fee request is borne out by the following (non-exclusive) list of tasks that LINA was required to perform in order to bring the case to its current posture:

- Review client documents, policy and beneficiary forms in connection with evaluation of possible interpleader action.

- Research regarding Alabama's "slayer statute" and potential exposure for paying insurance proceeds to Defendant Dwight Mills.

- Drafting and filing detailed (eight page) Interpleader Complaint with five exhibits [Doc #1].

- Drafting Notice of Filing Funds into Registry of the Court [Doc. #5].

- Drafting Response to Show Cause Order based upon Defendant Dwight Mills' failure to timely respond to Interpleader Complaint [Doc. #9].

- Drafting Motion for Entry of Default and For Leave to Submit Petition for Attorneys' Fees [Doc. #10].

- Drafting Motion for Discharge of Further Liability and For Attorneys' Fees and Costs, along with supporting Affidavit [Doc. #14].

- Drafting Motion to Continue Status Conference due to scheduling conflict [Doc. #17].

- Prepare for and participate in telephonic Status Conference held by the Court.

- Engage in informal discovery and independent investigation (as directed by the Court) to determine the location/address of Defendant Angel Faulk [Doc. #19].

- Drafting Amended Interpleader Complaint naming Angel Faulk as additional party-defendant. [Doc. #20].

- Drafting Status Report as required by Court Order [Doc. # 22].

- Engage third-party investigator to locate and identify last known address for Angel Faulk.

- Issue Alias Summons to last know address of Angel Faulk. [Doc. #23].

- Drafting Response to Defendants' Joint Motion to Discharge [Doc. #31].

- Drafting Motion for Attorneys' Fees and Supporting Affidavit [Doc. #32].

4. In addition to the tasks identified above, LINA's counsel engaged in numerous conversations and discussions with their client and private investigator, as well as Dwight Mills' counsel, Angel Faulk, Angel Faulk's potential counsel, and Angel Faulk's current counsel.

5. It should also be noted that LINA initially sought dismissal, discharge of liability and reasonable attorneys' fees on **January 31, 2006** – exactly one year ago when its fees were comparatively low. LINA filed a second motion for

dismissal from the case and reasonable attorneys' fees ($6,265.90) on **April 20, 2006**. Defendant Dwight Mills did not file any objection to <u>either</u> the request for discharge <u>or</u> the recovery of $6,265.90 in attorneys' fees.

6. The Court denied LINA's motion for discharge and request for fees without prejudice upon after learning from Mr. Mills' counsel, during the October 13, 2006 Status Conference, that decedent Sharon Mills had a living daughter, Angel Faulk – the only known member of the next "surviving class" of beneficiaries under the Policy. The Court directed LINA's counsel to engage in limited discovery, investigation or any other means necessary to locate the whereabouts of Angel Faulk and bring her into the case as a party-defendant. The Court advised that LINA's counsel would be reasonably compensated for these efforts.

7. As noted above, LINA has made multiple efforts to extract itself from this case in order to minimize costs and expenses for all parties involved. Defendants' contention that a fee of $9,890.30 (representing a $3,624.00 increase from the unopposed fee petition submitted in April of 2006) is "excessive and unwarranted" has absolutely no basis in fact. Indeed, the (already reduced) attorneys' fee requested by LINA amounts to less than <u>41% of the accrued interest on the policy's face value</u>. LINA's counsel is willing to submit their billing

records under seal if it would assist the Court in rendering a decision on the pending fee request.

For these reasons, LINA requests an award of attorneys' fees in the amount of $9,890.30, reflecting fees incurred from June 24, 2005 through December 31, 2006.

                                        Respectfully submitted,

                                        /s John David Collins
                                        William B. Wahlheim, Jr.
                                        John David Collins
                                        Grace Robinson Murphy
                                        Attorneys for Plaintiff,
                                        Life Insurance Company of North America

**OF COUNSEL:**
Maynard, Cooper & Gale, P.C.
2400 AmSouth/Harbert Plaza
1901 Sixth Avenue North
Birmingham, Alabama 35203-2602
(205) 254-1000

**CERTIFICATE OF SERVICE**

      I hereby certify that on the 2nd day of February, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: W. Terry Bullard and M. Hampton Baxley and I hereby certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participants:

[none]

                                            /s John David Collins
                                            OF COUNSEL