IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| LIFE INSURANCE COMPANY OF NORTH AMERICA ) ) ) Plaintiff, ) ) v. ) ) DWIGHT M. MILLS, *et al.*, ) ) Defendants. ) | CASE NO. 1:05-cv-760-WKW |

### ORDER

Before the court is Plaintiff Life Insurance Company of North America's ("LINA" and sometimes referred to as "Plaintiff") Motion for Attorney Fees (Doc. # 32), and Defendants Dwight M. Mills and Angel Faulk's Joint Motion to Discharge Plaintiff and Re-Align Parties (Doc. # 28). Plaintiff's Motion for Attorney Fees is GRANTED to the extent that $1,500 is awarded to LINA from the interpleader fund. Defendants' Joint Motion to Discharge Plaintiff and Re-Align Parties is GRANTED.

On August 8, 2005, Plaintiff filed its Interpleader Complaint (Doc. # 1) against Dwight M. Mills ("Defendant" and sometimes referred to as "Mills") pursuant to Rule 22 of the Federal Rules of Civil Procedure. Sharon Marie Mills ("Sharon" and sometimes referred to as "decedent") was the spouse of Defendant and was insured under a policy of LINA insurance provided by Mills' employer. The sole beneficiary of the policy was Mills. On August 12, 2002, Mills filed a Proof of Loss form with LINA indicating that Sharon had died and that he was entitled to the full benefits of the policy.

LINA asserts that there is an ongoing criminal investigation as to the cause of death of Sharon, and that Mills is a suspect. If it were determined her death was a homicide for which Mills was responsible, Alabama's Slayer's Statute, codified as Ala. Code § 43-8-253 (1975), would effectively work a forfeiture on any monies due to Mills. Therefore, LINA faces the possibility of multiple claims against the proceeds of the policy because the policy's language is clear that if there is no beneficiary, the benefits go to either the surviving "(a) wife or husband; (b) child or children; (c) mother or father; (d) sisters of brothers," respectively. (LINA's Ex. A at 19.)

On October 13, 2006, the court ordered LINA to "determine all heirs at law and next of kin of the decedent through limited discovery, independent investigation or other means." (Doc. # 19). LINA subsequently filed an Amended Complaint naming the only heir to decedent, Angel Faulk, as a party defendant. On January 16, 2007, Angel Faulk and Dwight Mills filed a Joint Motion asking that LINA be "discharged from further liability and dismissed as a party to this action . . . ." (Doc. # 28). LINA had no objection to this Joint Motion, but filed a contemporaneous motion for legal fees in the amount of $9,890.30.

LINA alleges that these fees reflect time spent on this action from June 24, 2005, through December 31, 2006. LINA substantiated its claim with billing records included in its Reply Brief in Support Motion for Attorney Fees. (Doc. # 36). Defendants admit that "Plaintiff is due to be reimbursed a reasonable sum for attorney['s] fees and costs incurred in this action", but that the suggested fee of $9,890.30 is unreasonable. (Defs.' Resp. in Opp. to Pl.'s Mot. Att. Fees ¶ 1.) Defendants aver that a fee of $1500 is appropriate.

    A.    *Attorney Fees*

"Neither Rule 22 [of the Federal Rules of Civil Procedure] nor the interpleader statute contains an express reference to costs or attorney's fees . . . ." 7 Fed. Prac. & Proc. Civ. 3d § 1719 (2007). However, "costs and attorneys' fees are generally awarded, in the discretion of the court, to the plaintiff who initiates the interpleader as a mere disinterested stake holder." *Prudential Ins. Co. of America v. Boyd*, 781 F.2d 1494, 1497 (11th Cir. 1986) (citing *Perkings State Bank v. Connolly*, 632 F.2d 1306, 1311 (5th Cir. 1980)). Moreover, the Eleventh Circuit has adopted the "normal-course-of-business-standard" as an exception to the general rule. *See In re Mandalay Shores Co-Op, Housing Ass'n, Inc.,* 21 F.3d 380 (11th Cir. 1994). The "normal-course-of-business-standard" suggests that attorney's fees are not warranted when the claim arises out of a company's normal course of business. *Id*.

    The reason for the exception is as follows:

> [A]n insurance company, for example, avails itself of interpleader to resolve disputed claims to insurance proceeds - - disputes that arise with some modicum of regularity. In a sense, the insurance company will use interpleader as a tool to allocate proceeds and avoid further liability. As the costs of these occasional interpleader actions are foreseeable, the insurance company easily may allocate the costs of these suits to its customers. Unlike innocent stakeholders who unwittingly come into possession of a disputed asset, an insurance company can plan for interpleader as a regular cost of business and, therefore, is undeserving of a fee award.

*Id.* at 384; *see also Life Investors Ins. Co. of America v. Childs*, 209 F. Supp. 2d 1255 (M.D. Ala. 2002). In effect, the normal-course-of-business-standard reflects economic reality.

    LINA is an insurance company which, as part of its normal course of business, has numerous disputes over policy benefits. This action is clearly such a dispute and there is no reason why this

case should not fall within the normal-course-of-business-standard.[1] The court finds a fee of $1,500 is reasonable in light of the response of the defendants, and the court's previous order directing LINA to go beyond its duties as an innocent stakeholder and ascertain the next of kin as a condition to its dismissal. Plaintiff's motion is GRANTED to the extent that the fee awarded from the interpleader fund is $1,500.

    B.    *Discharge of LINA*

On September 28, 2005, LINA deposited $144,445.34, representing the amount of the proceeds of the policy of insurance with interest, into the court. After having been directed to ascertain the next of kin for purposes of a complete judgment, LINA filed an amended complaint naming Dwight M. Mills and Angel Faulk as party defendants. Both Defendants have moved to discharge LINA from future liability associated with the policy of insurance, and further ask for a re-alignment of the parties. The Defendants agree that LINA is merely a disinterested stakeholder in the action.

Defendants' Joint Motion to Discharge Plaintiff and Re-Align Parties (Doc. # 28) is GRANTED. LINA is discharged from any future liability associated with any claim(s) to the proceeds of policy number OK-809795, and is DISMISSED as a party to this action. Based upon representations by the Defendants, and there being no objection by the Plaintiff, it is further ORDERED, in proper exercise of the court's inherent discretion, that Angel Faulk is the proper plaintiff and Dwight M. Mills is the proper defendant in this action.

---

[1] The Plaintiff has asked for 14.60 percent of the interpleader fund as fees for its time in this action. Even if the normal-course-of-business-standard did not apply to foreclose LINA from an award of attorney's fees, the court finds that 14.60 percent of the interpleader fund is excessive in relation to the facts of this case.

The Clerk is DIRECTED to amend the docket to reflect the change in the style of this case and to forward attorney's fees of $1500 from the interpleader funds to LINA, per instructions of LINA's counsel.

DONE this 27th day of March, 2007.

                                        /s/ W. Keith Watkins
                                      UNITED STATES DISTRICT JUDGE